UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ARTHUR W. GREYDANUS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SHERRIE BENWAY; JOHN BENWAY; THE NORTH PACIFIC UNION CONFERENCE OF THE SEVENTH-DAY ADVENTISTS; AND, BONNER COUNTY ADMINISTRATION,<br><br>　　　　Defendants. | Case No. 2:18-cv-00248-BLW<br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

Before the Court is Plaintiff's Petition (Dkt. 1) to Proceed in Forma Pauperis. Previously the Clerk of Court conditionally filed Plaintiff's Complaint, subject to review by the Court to determine whether Plaintiff is entitled to proceed *in forma pauperis*. For the following reasons, the Court will grant the petition (Dkt. 1). Having reviewed the record, and otherwise being fully informed, the Court enters the following order dismissing Plaintiff's Complaint (Dkt. 2) with leave to amend.

## BACKGROUND

Arthur W. Greydanus submitted a Complaint and exhibit list comprised of 97 total pages (Dkt. 2). Only a distilled version of the factual record is necessary for purposes of

review. At its core, the Complaint is the result of a two-year dispute between landlords, tenants, and neighbors.

In 2016, Greydanus and his son moved to Athol, Idaho from California with their belongings and a travel trailer. *Ex. B*, Dkt. 2-1. In June 2016, Defendants John and Sherrie Benway (the "Benways"), husband and wife, met Greydanus on their property to discuss leasing two parcels of land, lots "P-11" and "P-12," to the Greydanus family. *Id.* By July 2016, Greydanus successfully negotiated a lease-to-purchase agreement with the Benways, which the parties orally agreed to pursue after a one-year probationary period. *Id.* Based on these mutual understandings, Greydanus began making improvements to the property. *Id.* By December 2016, Greydanus completed construction of a cabin, storage shed, livestock stables, and a two-story barn on the property. *Ex. E.*, Dkt. 2-3. At no point was any lease, deed of trust, or contract signed by either party.

In 2017, with no successful subsequent negotiations,[1] the parties' relationship began to sour. On June 1, 2017, Sherrie Benway unsuccessfully requested that the Greydanus family leave the premises. *Ex. D*, Dkt. 2-2. On July 11, the Benways increased the previously agreed $400 monthly rent to $1,500. *Compl.* ¶ 5, Dkt. 2. After Greydanus refused to pay increased rent, the Benways filed for an expedited eviction proceeding on July 12, 2017. *Ex. C*, Dkt. 2-2. That same day, Greydanus filed a construction lien on lots

---

[1] In 2017, Greydanus sent multiple demand letters to the Benways and an additional stake holder in the property to resolve the dispute. *Ex. E*, Dkt. 2-3. On July 27, 2017, Alternative Dispute Resolution was unsuccessfully utilized. *Lease-Purchase Termination Agreement*, Ex. B, Dkt. 2-1.

"P-11" and "P-12" for $41,000 in improvements made to the property. *Ex. E*, Dkt. 2-3. It was around this time that the police became increasingly involved with the dispute. *Ex. F*, Dkt. 2-3.

On August, 23 2017, a state court determined that Greydanus had agreed to a month-to-month lease agreement with the Benways and approved the eviction. *Ex. D,* Dkt. 2-2. That night, Greydanus's landlord came to the property to deliver mail, but a fight ensued between Greydanus and at least three other individuals. *Compl.*, Dkt. 2. When Bonner County Sheriff's officers arrived, Greydanus and his son were both arrested and charged with aggravated assault. *Ex. F*, Dkt. 2-3. As a result of the skirmish, both Greydanus and a neighbor required medical treatment at a local hospital. Dkt. 2; *Ex. A*, Dkt. 2-1. Greydanus and his son remained in custody for roughly one month. Dkt. 2.

While Greydanus and his son were in county jail, Sherrie Benway searched through their belongings and stole approximately $5,000 worth of personal property. *Id.* After his release, Greydanus was granted a judgment against Sherrie Benway in small claims court. *Id.* On February 27, 2018, Greydanus asked the Sheriff's Department to arrest Sherrie Benway for grand theft. *Id.* On February 28, the Sheriff's Department arrested, instead, Greydanus's son on a California warrant. *Id.*

Before being ordered to pay $25,000 in restitution to Jimmie Bailey at a hearing on June 5, 2018, Greydanus submitted this Complaint (Dkt. 2) in District Court. *Ex. A*, Dkt. 2-1. The Complaint alleges, *inter alia*, a conspiracy amongst the Bonner County Administration and the Benways to deprive Greydanus of his property.

## ANALYSIS

1.  **Application for In Forma Pauperis Status**

In order for any litigant to file a civil complaint in federal court, that litigant must either pay the filing fee in full at the time of filing or seek in forma pauperis status, which allows the litigant to pay the filing fee over time. In either case, the litigant must pay the full filing fee for having filed the complaint, regardless of whether that person's case is eventually dismissed or is unsuccessful.

Greydanus has requested *in forma pauperis* status. To determine whether a party should be allowed to proceed *in forma pauperis* under 28 U.S.C. § 1915, a court should review the overall financial situation of the applicant, including all of the assets and liabilities of the applicant. *See Zaun v. Dobbin,* 628 F.2d 990, 992–93 (7th Cir.1980). In support of his request, Greydanus filed an Application to Proceed in Forma Pauperis (Dkt. No. 1). Greydanus includes a statement, as required by 28 U.S.C. § 1915(a)(1), that he is "unable to pay the filing fee at the time of filing as a result of [his] poverty." *Id.* at p. 1. Greydanus has also included documentation showing that he is a recipient of Social Security benefits, unemployed, and without a permanent residence. *Id* at pp. 2-7. Based upon Greydanus's current financial condition, the Court finds it appropriate to grant Greydanus's Application to Proceed in Forma Pauperis, which allows Greydanus to pay the filing fee over time.

2. **Subject Matter Jurisdiction**

"It is well established that 'subject matter jurisdiction . . . must be raised *sua sponte* by a federal court when there is an indication that jurisdiction is lacking.'" *Nez Perce Tribe v. Idaho Power Co.,* 847 F. Supp. 791, 796-97 (D. Idaho 1993) (citation omitted). Therefore, this Court will begin by first considering and determining whether it has jurisdiction to consider the matters at issue in the instant action.

Greydanus appears to assert four different grounds for relief entitling him to federal question jurisdiction: (1) 36 C.F.R. § 218.14(b); (2) Title 18, U.S.C §§ 241 and 242; (3) 42 U.S.C. § 14141; and, (4) the U.S. Constitution. *Complaint*, Dkt. 2, pp. 1-2. The Court addresses each in turn.

A. *36 C.F.R. § 218.14(b)*

Greydanus states that he brings "this action "under 36 C.F.R. § 218.14(b)." Dkt. 2. Title 36 of the Code of Federal Regulation concerns parks, forests, and public property administered by the federal government. The specific regulation cited here, pertains strictly to the "[objection] process for proposed actions of the Forest Service concerning projects and activities implementing land and resource management plans …." 36 C.F.R. § 218.1. As the Forest Service is in no way connected to this action, Greydanus's first ground for subject matter jurisdiction is without merit.

B. *Various Criminal Statutes*

Under two headings titled "Jurisdiction" and "Law", Greydanus cites to various criminal statutes intended to hold defendants, including Bonner County, liable (Dkt. 2,

pp. 1, 13-14). One cause of action is brought under 42 U.S.C. §14141, which requires that the Attorney General bring such actions.[1] Greydanus also cites to 18 U.S.C. §§ 241 and 242, which do not provide a basis for a private cause of action, but, rather, must be prosecuted by the Attorney General.[2] As Greydanus uses criminal statutes as an improper basis for federal question jurisdiction, the Court dismisses any claims based on these statutes.

C.  *Unspecified Fifth and Fourteenth Amendment Violations*

Greydanus additionally cites to the Fifth and Fourteenth Amendment in his Complaint but fails to articulate how those provisions would entitle him to injunctive relief or a "modest six-figure USD." Dkt 2, pp 1. However, a "document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v.*

---

[1] *See* 42 U.S.C. § 14141(b) ("Whenever the Attorney General has reasonable cause to believe that a violation of paragraph (1) has occurred, the Attorney General, for or in the name of the United States, may in a civil action obtain appropriate equitable and declaratory relief to eliminate the pattern or practice."); *United States v. City of Columbus*, 2000 WL 1133166, *2-3 (D.Ohio 2000) (42 U.S.C. § 14141 "has no direct legislative history and has never been construed by any court," but it is "a successor to an earlier, nearly identical, provision of the Omnibus Crime Control Act of 1991, . . . which was intended to confer standing on the United States Attorney General to obtain civil injunctive relief against governmental authorities for . . . unconstitutional police practices.").

[2] *See, e.g., Lamont v. Haig*, 539 F.Supp. 552, 558 (D.S.D. 1982); *Bryant v. Quintero*, 2001 WL 1018717, *2 (N.D.Cal. 2001) (there is no private cause of action under 18 U.S.C. §§ 241 and 242, and no amendment can cure such a deficiency).

*Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 439 U.S. 97, 106 (1976) (internal citations omitted). As this is an action alleging constitutional violations, the court will construe the pleadings liberally and afford the plaintiff the benefit of any doubt. *See Balisteri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

Greydanus appears to be asserting claims under 42 U.S.C. § 1983, the civil rights statute. Section 1983 provides a cause of action against persons acting under color of state law who have violated rights guaranteed by the Constitution. *See Buckley v. City of Redding*, 66 F.3d 188, 190 (9th Cir. 1995). A § 1983 claim requires two essential elements: (1) the conduct that harms the plaintiff must be committed under color of state law (*i.e.,* state action), and (2) the conduct must deprive the plaintiff of a constitutional right. *Haygood v. Younger,* 769 F.2d 1350, 1354 (9th Cir. 1985). Greydanus has named Bonner County as a defendant and claims that their actions were under color of state law. Dkt. 2. Greydanus also alleges that members of Bonner County conspired against him to deprive him of his property. Dkt. 2, pp. 11-15. A liberal reading of the Complaint, under these facts, allows this Court to reconstrue his claim under Section 1983. Accordingly, Greydanus does have federal question jurisdiction.

3.  **Greydanus's Complaint**

    A.  *Standard of Review*

The Court is required to screen complaints brought by litigants who seek in forma pauperis status. *See* 28 U.S.C. § 1915(e)(2). Greydanus's Complaint, or a portion thereof, will be dismissed if it: (1) is frivolous or malicious; (2) fails to state a claim upon which

relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i-iii). To state a claim upon which relief can be granted, Greydanus's Complaint must include facts sufficient to show a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).

During this initial review, courts generally construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Even so, plaintiffs—whether represented or not—have the burden of articulating their claims clearly and alleging facts sufficient to support review of each claim. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Additionally, if amending the complaint would remedy the deficiencies, plaintiffs should be notified and provided an opportunity to amend. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

As stated above, Greydanus appears to be asserting claims under 42 U.S.C. § 1983, the civil rights statute. To state a valid claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by the conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

    **B.**    *Failure to State A Claim*

A complaint fails to state a claim for relief under Rule 8 of the Federal Rules of Civil Procedure if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In other words, although Rule 8 "does not require detailed factual allegations, ... it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," the complaint has not stated a claim for relief that is plausible on its face. *Id.* (internal quotation marks omitted).

Greydanus has not alleged sufficient facts to proceed with his complaint. It is not clear how any of the named individuals inside the "Bonner County Administration" violated Greydanus's constitutional rights. He asserts no violation of any operative federal statute or constitutionally derived right. Dkt. 2. Rather, he alleges violations of various criminal statutes. *Id.* Furthermore, besides a recitation of a two-year civil dispute over real property, the Complaint references no specific allegations against members of Bonner County whereby a conspiracy was formed. Instead, Greydanus uses the phrase "*res ipsa loquitur*" – a doctrine of law used to imply a defendant's conduct in negligence cases – to establish the existence of a conspiracy. Dkt. 2. This argument will not do. Greydanus has failed to state a claim under § 1983 and his singular federal claim is dismissed.

### C. *Remaining Civil Claims*

Greydanus filed his complaint in federal court pursuant to the general federal jurisdiction statute, 28. U.S.C. § 1331. As this Court has dismissed Greydanus's only federal claim, no federal claims remain before the Court. Yet, dismissing Greydanus's 42

U.S.C. § 1983 claim does not divest the court of jurisdiction: rather, the court may exercise its discretion to exercise supplemental jurisdiction. *See* 28 U.S.C. 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if … (3) the district court has dismissed all claims over which it has original jurisdiction").

As to Greydanus's remaining claims, which rest on real property law, libel, slander, conversion and assault, the Court declines to exercise supplemental jurisdiction. Certainly, state court would be better suited to decide such issues. *See Comm. Concerning Cmty. Improvement v. City of Modesto*, 583 F.3d 690, 715 (9th Cir. 2009) (lower court properly declined to exercise supplemental jurisdiction where all federal claims had been dismissed and "the state-law claims would involve 'statutory construction or interpretation and state case law analysis' that 'should be resolved by a state court'").

In light of the above, all federal claims asserted against Bonner County will be dismissed and no federal question will remain before this court. Accordingly, the Court declines supplemental jurisdiction over any state law claims asserted by Greydanus, dismissing those claims without prejudice.

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Application for Leave to Proceed in forma pauperis (Dkt. 1) is **GRANTED**.

2. Plaintiff's Complaint (Dkt. 2) is **DISMISSED** with leave to amend.

3. Plaintiff may file an amended complaint within 14 days of the date of this Order curing the deficiencies noted above. If Plaintiff fails to file an amended complaint which resolves those deficiencies, this case will be dismissed with prejudice.

DATED: November 6, 2018

B. Lynn Winmill
Chief U.S. District Court Judge